1
2
3    UNITED STATES DISTRICT COURT
4    DISTRICT OF NEVADA
5    * * *
6    DONOVAN HAYES,                              Case No. 3:20-cv-00686-MMD-WGC
7                        Plaintiff,              SCREENING ORDER
8        v.
     JAMES DZURENDA, *et al.*,
9                        Defendants.
10

11        Plaintiff Donovan Hayes, who is in the custody of the Nevada Department of

12   Corrections ("NDOC"), has submitted a First Amended civil rights complaint ("FAC")

13   pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*

14   ("IFP Application"). (ECF Nos. 1, 5.) The matter of the filing fee will be temporarily

15   deferred. The Court now screens Hayes' FAC under 28 U.S.C. § 1915A.

16   **I.    SCREENING STANDARD**

17        Federal courts must conduct a preliminary screening in any case in which an

18   incarcerated person seeks redress from a governmental entity or officer or employee of

19   a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify

20   any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

21   claim upon which relief may be granted, or seek monetary relief from a defendant who is

22   immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must

23   be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

24   1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

25   elements: (1) the violation of a right secured by the Constitution or laws of the United

26   States; and (2) that the alleged violation was committed by a person acting under color

27   of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

28

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

2

1   the framework of a complaint, they must be supported with factual allegations." *Id.*  "When

2   there are well-pleaded factual allegations, a court should assume their veracity and then

3   determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining

4   whether a complaint states a plausible claim for relief . . . [is] a context-specific task that

5   requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6         Finally, all or part of a complaint filed by an incarcerated person may be dismissed

7   *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This

8   includes claims based on legal conclusions that are untenable (*e.g.*, claims against

9   defendants who are immune from suit or claims of infringement of a legal interest which

10   clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*,

11   fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989);

12   *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

13   **II.    SCREENING OF FIRST AMENDED COMPLAINT**

14         In his FAC, Hayes sues multiple Defendants for an incident that took place while

15   Hayes was incarcerated at Southern Desert Correctional Center (SDCC). (ECF No. 5 at

16   1.) Hayes sues Defendants James Dzurenda (the director of NDOC), Jerry Howell

17   (warden of SDCC), Frank Dreesen (an associate warden at SDCC), G. Piccinini (an

18   associate warden at SDCC), and Harris (a correctional officer at SDCC). (*Id.* at 2-3.)

19   Hayes brings two claims and seeks injunctive and monetary relief. (*Id.* at 5-9, 26.)

20         Hayes alleges the following. On March 25, 2018, Hayes suffered a seizure while

21   waiting for dental treatment at SDCC's medical department. (*Id.* at 5.) He recalled trying

22   to alert Harris. (*Id.*) While suffering from a grand mal seizure, Harris placed Hayes in

23   handcuffs. (*Id.* at 6.) Hayes' arm and shoulder were fractured. (*Id.*) Hayes suffered three

24   more seizures while hand cuffed. (*Id.*) He then woke up at Centennial Hills Hospital,

25   having already had surgery on his arm and shoulder. (*Id.*)  Hayes learned of the above

26   events from Correctional Officer Sanchez. (*Id.*)

27

28

1    On March 30, 2018, Hayes was transferred to another hospital for rehabilitation.

2  (*Id.*) Hayes was discharged without being able to perform ADLS and transferred to the

3  High Desert State Prison (HDSP) infirmary. (*Id.* at 6-7.)

4    On May 4, 2018, Hayes was x-rayed and examined by a specialist. (*Id.* at 7.)

5  Hayes had a surgery on May 11, which included the installation of metal plates and

6  screws into the shoulder. (*Id.*)

7    On July 25, 2018, Hayes submitted an informal grievance seeking monetary

8  compensation for the injury to his shoulder resulting from Harris' use of force in restraining

9  him. (*Id.* at 8, 10-12.) Piccinini responded to this informal grievance. (*Id.* at 8.) Hayes filed

10  a first level grievance to appeal the denial of the informal grievance. (*Id.*) When he did not

11  receive a timely response, Hayes filed his second level grievance. (*Id.* at 8-9.) Defendants

12  Piccinini, Howell, and Dreesen handle the majority of grievances at SDCC. (*Id.* at 9.)

13  Dzurenda is responsible for daily operations. (*Id.*)

14    Based on these allegations, Hayes alleges that Defendant Harris used excessive

15  force against him in violation of the Eighth Amendment and that he was denied an

16  opportunity to exhaust his administrative grievance process, in violation of the Fourteenth

17  Amendment. The Court will address each of these claims in turn.

18    **A.    Eighth Amendment – Excessive Force**

19    When a prison official stands accused of using excessive physical force in violation

20  of the cruel and unusual punishment clause of the Eighth Amendment, the question turns

21  on whether force was applied in a good-faith effort to maintain or restore discipline, or

22  maliciously and sadistically for the purpose of causing harm. *See Hudson v. McMillian,*

23  503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In

24  determining whether the use of force was wanton and unnecessary, it may also be proper

25  to consider factors such as the need for application of force, the relationship between that

26  need and the amount of force used, the threat reasonably perceived by the responsible

27  officials, and any efforts made to temper the severity of a forceful response. *See Hudson*,

28  503 U.S. at 7. Although an inmate need not have suffered serious injury to bring an

excessive force claim against a prison official, the Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force. *Id*. at 9-10.

Hayes has sufficiently alleged a cognizable claim that Harris used excessive force in violation of the Eighth Amendment. Hayes has adequately alleged that Harris used force against him while restraining him during his seizure. (ECF No. 5 at 6.) He has also sufficiently alleged that the force was more than *de minimis*, given his allegation that his arm and shoulder were fractured. *(Id*.) Hayes has further alleged that Harris used handcuffs to restrain Hayes while Hayes was suffering from a grand mal seizure. (*Id*.) The Court will permit this claim to proceed.

**B.    Fourteenth Amendment – Denial of Access to Grievance Procedures**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered "actual injury." *Id*. at 349. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id*. at 353. "The right of meaningful access to the courts extends to established prison grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001). "[T]he object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).

Hayes has not stated a cognizable claim for denial of access to prison grievance procedures in violation of the Fourteenth Amendment. The claim is deficient because Hayes has not alleged an actual injury. Rather, Hayes' allegations detail his efforts to exhaust the prison grievance process regarding the substantive claims he has brought in this matter. (ECF No. 5 at 8-9.) The claim is also deficient because Hayes has not identified any impediment in the grievance process that still needs to be removed. As the

1  Court has previously notified Hayes of the deficiencies of this claim, the Court will dismiss

2  the claim without prejudice but without leave to amend.

3  **III.   CONCLUSION**

4          It is therefore ordered that Hayes' application to proceed *in forma pauperis* (ECF

5  No. 1) is deferred.

6          It is further ordered that the First Amended Complaint (ECF No. 5) is the operative

7  complaint. The Clerk of Court is directed to send a courtesy copy of the First Amended

8  Complaint to Hayes.

9          It is further ordered that Count 1 (Eighth Amendment – Excessive Force) may

10  proceed against Defendant Harris.

11          It is further ordered that Count 2 (Denial of Access to Prison Grievance Process)

12  is dismissed without prejudice and without leave to amend.

13          It is further ordered that Defendants James Dzurenda, Jerry Howell, Frank

14  Dreesen, and G. Piccinini are dismissed from the First Amended Complaint without

15  prejudice.

16          It is further ordered that, given the nature of the claim that the Court has permitted

17  to proceed, this action is stayed for 90 days to allow Hayes and Defendant an opportunity

18  to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the

19  discovery process begins. During this 90-day stay period and until the Court lifts the stay,

20  no other pleadings or papers may be filed in this case, and the parties may not engage in

21  any discovery, nor are the parties required to respond to any paper filed in violation of the

22  stay unless specifically ordered by the Court to do so. The Court will refer this case to the

23  Court's Inmate Early Mediation Program, and the Court will enter a subsequent order.

24  Regardless, on or before 90 days from the date this order is entered, the Office of the

25  Attorney General must file the report form attached to this order regarding the results of

26  the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-

27  day stay. If the parties proceed with this action, the Court will then issue an order setting

28  a date for Defendants to file an answer or other response. Following the filing of an

1  answer, the Court will issue a scheduling order setting discovery and dispositive motion
2  deadlines.

3      It is further ordered that "settlement" may or may not include payment of money
4  damages. It also may or may not include an agreement to resolve Hayes' issues
5  differently. A compromise agreement is one in which neither party is completely satisfied
6  with the result, but both have given something up and both have obtained something in
7  return.

8      It is further ordered that if the case does not settle, Hayes will be required to pay
9  the full $350.00 filing fee. This fee cannot be waived, and the fee cannot be refunded
10  once the Court enters an order granting Hayes' application to proceed *in forma pauperis*.
11  If the Court allows Hayes to proceed *in forma pauperis*, the fee will be paid in installments
12  from his prison trust account. *See* 28 U.S.C. § 1915(b). If the Court does not allow Hayes
13  to proceed *in forma pauperis*, the full $402 filing fee for a civil action (i.e., the $350 filing
14  fee and the $52 administrative fee) will be due immediately.

15      It is further ordered that if any party seeks to have this case excluded from the
16  inmate mediation program, that party must file a "motion to exclude case from mediation"
17  no later than 21 days prior to the date set for mediation. The responding party will have
18  seven days to file a response. No reply may be filed. Thereafter, the Court will issue an
19  order, set the matter for hearing, or both.

20      The Clerk of Court is directed to electronically serve a copy of this order, and a
21  copy of Hayes' First Amended Complaint (ECF No. 5), on the Office of the Attorney
22  General of the State of Nevada, by adding the Attorney General of the State of Nevada
23  to the docket sheet. This does not indicate acceptance of service.

24      It is further ordered that the Attorney General's Office must advise the Court within
25  21 days of the date of the entry of this order whether it will enter a limited notice of
26  appearance on behalf of Defendants for the purpose of settlement. No defenses or
27  ///
28

7

objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

DATED THIS 2nd Day of December 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

8

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

DONOVAN HAYES

Plaintiff,

v.

JAMES DZURENDA, *et al.*,

Defendants.

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM. THE INMATE PLAINTIFF MAY NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.**  [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

_____ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion*

*requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

_____   A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____   No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

_____   No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

_____   None of the above five statements describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

_____   The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____   None of the above three statements fully describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

///

2

Submitted this _____ day of _____, _____ by:

Attorney Name: _____          _____

Print                                        Signature

Address: _____

_____

_____

Phone: _____

Email: _____